UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
JASON M. DAY                   :
                               :           PRISONER
     v.                        :   Case No. 3:09CV1117(RNC)
                               :
FREDERICK LEVESQUE, et al.     :
```

RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION

On July 30, 2009, the court denied plaintiff's motion to proceed in forma pauperis in this civil rights action. Plaintiff now seeks reconsideration of that decision. After careful review of plaintiff's motion, the court concludes that the motion should be denied.

Reconsideration will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision. See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may not be used to relitigate an issue the court already has decided. See SPGGC, Inc. v. Blumenthal, 408 F. Supp. 2d 87, 91 (D. Conn. 2006), aff'd in part and vacated in part on other grounds, 505 F.3d 183 (2d Cir. 2007).

As explained in the prior ruling, plaintiff has had more than three case dismissed as frivolous, malicious or failing to

state a claim upon which relief may be granted.  Thus, he may only proceed in forma pauperis if he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).  To meet the imminent danger exception, the allegation of imminent danger of serious physical injury must be "fairly traceable" to the unlawful conduct alleged in the complaint and a favorable judicial outcome must redress that injury.  Pettus v. Morgenthau, 554 F.3d 293, 298-99 (2d Cir. 2009).  The imminent danger must be present at the time the complaint is filed.  Id. at 296.  See e.g., Palmer v. New York State Dep't of Corrections, No. 08-0234-pr, 2009 WL 2243706, at *2 (2d Cir. Jul. 28, 2009) (plaintiff did not allege imminent danger of serious physical injury where claim related to injuries resulting from drinking contaminated water and plaintiff had received treatment and was no longer confined at that facility).

 Plaintiff asserts three claim in this action: (1) he heard a rumor that documents in his central file would be altered, used to remove him from protective custody and cause him to be classified to general population or the special needs management isolation unit; (2) letters he wrote to the Center for Disease Control and various doctors seeking information about his medical condition and a comparison of his symptoms to other conditions were not mailed from the correctional facility; and (3) he suffered harm from other inmates in 2003-04.

Plaintiff's first claim is that he was not permitted to review his central file. Plaintiff argued that documents might be altered to support his transfer from the protective custody unit. At the time he filed his complaint, plaintiff remained in protective custody. Speculation about a possible transfer does not demonstrate imminent danger of serious physical injury. In addition, for relief, plaintiff seeks various injunctions, the result of which would be his ability to review his central file and obtain redacted copies of some documents. Even if the court were to afford him this relief, it would not prevent any possible future transfer.

Plaintiff states that the court misconstrued the allegations in the section of his complaint detailing imminent harm. He argues that the facility could not have mailed his letters because he did not receive the requested written acknowledgment of his letters. The court stated in the prior ruling that plaintiff's assumption, that the letters could not have been mailed because he did not receive written acknowledgment, is flawed. Just as likely, the letters were received and the recipients did not comply with plaintiff's request for acknowledgment. As the court did not overlook this allegation, plaintiff fails to meet the standard for reconsideration on this claim. In addition, the only relief sought regarding this claim is damages. An award of damages will not address plaintiff's

claimed injury of improper medical treatment.

Plaintiff now states that he wrote the letters in an attempt to obtain evidence to support a deliberate indifference to medical needs claim.  No such claim is included in the complaint and there are no medical staff named as defendants.  The fact that other doctors may have a different opinion regarding medical treatment, does not show that plaintiff's current treatment is improper.  See Estelle v. Gamble, 429 U.S. 97, 107 (1976) (holding that questions of diagnosis and treatment implicating medical judgment are at most medical malpractice, not deliberate indifference to serious medical needs).

In his third claim, plaintiff alleges that another inmate sexually assaulted him in 2003-04 causing him to test positive for HIV in 2008.  He also alleges his MRSA condition was contracted from his cellmate between November 2003 and February 2005.  Plaintiff currently is housed in a single cell.  Thus, he is not in any danger of contracting any medical conditions from a cellmate at this time.  Plaintiff fails to allege any facts suggesting an imminent danger of serious physical injury as a result of this claim.

Plaintiff's motion for reconsideration [**Doc. #4**] is **DENIED**. Plaintiff shall tender the filing fee within **twenty (20)** days from the date of this order.  If the court has not received payment within that time, this case will be dismissed.

**SO ORDERED.**

Entered this <u>31st</u> day of <u>August</u> 2009, at Bridgeport, Connecticut.

                                                           /s/
                                      HOLLY B. FITZSIMMONS
                                      UNITED STATES MAGISTRATE JUDGE